IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


MARTIN SERNA and
SONIA GONZALEZ,

    Plaintiffs,

v.     No. 15-cv-0745 LAM/SMV

CITY OF LAS CRUCES, NEW MEXICO,
LAS CRUCES POLICE DEPARTMENT,
and Officer RICARDO PORRAS,

    Defendants.

## INITIAL SCHEDULING ORDER

This case is assigned to me for scheduling, case management, discovery, and all non-dispositive motions. Both the Federal Rules of Civil Procedure, as amended, as well as the Local Rules of the Court apply to this lawsuit. Civility and professionalism will be required of counsel. Counsel shall read and comply with "A Lawyer's Creed of Professionalism of the State Bar of New Mexico."

The parties, appearing through counsel or pro se, will "meet and confer" no later than **November 4, 2015**, to formulate a Provisional Discovery Plan. Fed R. Civ. P. 26(f). The time allowed for discovery is generally 150 to 180 days and will run from the Rule 16 initial scheduling conference. Initial disclosures under Fed R. Civ. P. 26(a)(1) shall be made within twenty-one days of the meet-and-confer session.

The parties will cooperate in preparing a Joint Status Report and Provisional Discovery Plan ("JSR"), following the sample JSR available at the Court's web site. The blanks for

suggested/proposed dates are to be filled in by the parties. Actual case management deadlines will be determined by the Court after consideration of the parties' requests. Plaintiff (or Defendant in removed cases) is responsible for filing the JSR by **November 18, 2015**.

Parties may not modify case management deadlines on their own. Good cause must be shown and the Court's express and written approval obtained for any modification of the dates in the scheduling order that issues from the JSR.

An initial Rule 16 scheduling conference will be held on **December 10, 2015, at 9:30 a.m.** Counsel shall be prepared to discuss the following: discovery needs and scheduling, all claims and defenses, the use of scientific evidence and whether a *Daubert* hearing is needed, *see Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590–92 (1993), initial disclosures, and the timing of expert disclosures and reports under Fed R. Civ. P. 26(a)(2).[1] We will also discuss settlement prospects, alternative dispute resolution possibilities, and consideration of consent pursuant to 28 U.S.C. § 636(c). Client attendance is not required.

Pre-trial practice in this case shall be in accordance with the foregoing.

**IT IS THEREFORE ORDERED** that the deadlines shall be as follows:

**Meet and Confer by:**                                               **November 4, 2015**

**JSR filed by:**                                                     **November 18, 2015**

---

[1] In preparing the JSR, counsel should be familiar with the Rule 26 requirements concerning disclosure of expert testimony for witnesses who do not provide a written report. *See* Fed. R. Civ. P. 26(a)(2)(C). Summary disclosures are, under certain circumstances, required of treating physicians. *Farris v. Intel Corp.*, 493 F. Supp. 2d 1174, 1180 (D.N.M. 2007) (Treating physicians who do not submit Rule 26 expert reports may only testify "based on . . . personal knowledge and observations obtained during [the] course of care and treatment[.]"); *Blodgett v. United States*, No. 2:06-CV-00565 DAK, 2008 WL 1944011, at *5 (D. Utah May 1, 2008) ("[T]reating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient.").

| | |
|---|---|
| **Initial Disclosures due within 21 days of the meet-and-confer session, but in no event later than:** | December 1, 2015 |
| **Rule 16 Initial Scheduling Conference:** | December 10, 2015, at 9:30 a.m. |

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

3