# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MARTIN SERNA and
SONIA GONZALEZ,

    Plaintiffs,

v.                                                                           No. 15-cv-0745 MV/SMV

CITY OF LAS CRUCES,
LAS CRUCES POLICE DEPARTMENT,
and RICARDO PORRAS,

    Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court on the in-person status conference held on April 30, 2018. Neither Plaintiff appeared. **The Court will order each Plaintiff to show cause in writing why the case should not be dismissed. Plaintiffs' responses must be received no later than May 30, 2018.**

### Background

The Court originally set a status conference for July 20, 2017, to discuss the possibility of settlement with the parties. [Doc. 53]. Prior to the status conference, however, Plaintiffs' attorneys moved to withdraw because Plaintiffs had stopped communicating with them. [Docs. 54, 57]. The motion to withdraw was served by process server on each Plaintiff. [Doc. 57] at 2. Neither Plaintiff responded. The motion to withdraw was granted on August 28, 2017. [Doc. 58]. The order granting counsel's motion to withdraw, which had been mailed to Plaintiff Gonzales, was returned to the Court. [Doc. 59] ("Return to sender[.] No mail

receptacle[.] Unable to forward[.]") (all caps omitted). The order that had been sent to Plaintiff Serna was not returned and, thus, presumably reached him.

In April of 2018, the Court set an in-person status conference, again in the hopes of exploring settlement. *See* [Doc. 60]. Chambers staff attempted to reach Plaintiff Gonzales on April 5, 2018, by telephone at 575-405-8602. There was no answer, and staff left a voice mail asking Plaintiff Gonzales to contact the Court with her current address. To date, Plaintiff Gonzales has not responded. The order setting the conference, which had been mailed to Plaintiff Gonzales, was returned. [Doc. 62] ("Return to sender[.] No mail receptacle[.] Unable to forward[.]") (all caps omitted). The order that was sent to Plaintiff Serna was not returned and, thus, presumably reached him.

Neither Plaintiff appeared at the status conference on April 30, 2018. Chambers staff attempted to reach Plaintiff Serna by telephone at 575-642-8066, but there was no answer and no way to leave a message. Counsel for Defendants appeared and represented that he had attempted to reach Plaintiffs, even attempting to find better contact information for them, but had not been successful.

It appears to the Court that neither Plaintiff intends to further prosecute this case. Accordingly, **each Plaintiff must show cause in writing why this civil action should not be dismissed for lack of prosecution and for failure to appear at the April 30, 2018 status conference**. *See* Fed. R. Civ. P. 41(b) (allowing for involuntary dismissal where "the plaintiff fails to prosecute or to comply with the[] rules [of procedure] or a court order"); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (courts have inherent power to dismiss cases for lack of prosecution); D.N.M.LR-Civ. 41.1 ("A civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward."); Fed. R. Civ. P. 16(f) (authorizing

sanctions against a party who fails to comply with court orders); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (outlining factors to consider in dismissing a case).

Additionally, Plaintiff Gonzales has failed to keep the Court apprised of her current address, as required by D.N.M.LR-Civ 83.6, and has thus severed contact with the Court. Because Plaintiff Gonzales has failed to comply with the Court's local rules, *see Baker v. Suthers*, 9 F. App'x 947, 949 (10th Cir. 2001), she will be required to show cause why her claims should not be dismissed. Failure to comply with this Order may result in dismissal without further notice.

**IT IS THEREFORE ORDERED** that each Plaintiff show cause in writing no later than **May 30, 2018**, why the case should not be dismissed.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**